Frances A. Smith
State Bar No. 24033084
Steven J. Pawlowski
State Bar No.00797226
Shackelford, Melton, McKinley & Norton, LLP
3333 Lee Parkway, 10th Floor
Dallas, Texas  75219
Telephone:  (214) 780-1400
Facsimile:  (214) 780-1401
Email: fsmith@shackelfordlaw.net
Email: spawlowski@shackelfordlaw.net
**COUNSEL FOR C.O.D. CAPITAL CORP.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **DARREN S. FISHMAN** | § | CASE NO. 14-33246-hdh-7 |
| | § | |
| Debtor. | § | HEARING: MARCH 2, 2015 |
| | § | AT 1:30 P.M |

### C.O.D. CAPITAL CORP.'S RESPONSE TO MARTIN FISHMAN'S OBJECTION TO TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE
[Related to Docket Nos. 29 and 30]

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Creditor C.O.D. Capital Corp f/k/a C.O.D. Friendly ("COD") agrees with the Trustee's Motion to Sell Property of the Estate [Doc. 29]. COD files this response to the Objection to Trustee's Motion to Sell Property of the Estate [Doc. 30] filed by Debtor's father, Martin Fishman ("Fishman").

### I.

### FACTUAL BACKGROUND

1. On July 2, 2014, (the "Petition Date"), Darren S. Fishman ("Debtor") filed for bankruptcy protection under chapter 7 of the Bankruptcy Code.   The Debtor is an individual.

**The Voting Stock:**

2. Prior to the Petition Date, on August 9, 2012, C.O.D. Capital Corp f/k/a C.O.D. Friendly ("COD") issued Debtor 25,000 shares of voting stock which are evidenced by Certificate No. V-4 (the "Voting Stock"). *See* Exhibit A, Declaration of Gary Corona at ¶ 1; and a copy of the Voting Stock attached as Exhibit A-1.

3. COD is a closely held corporation, and it is important to COD that it remain a closely held corporation. *See* Exhibit A, Declaration of Gary Corona at ¶ 2. The Voting Stock is a minority interest. Excluding the Voting Stock, there are 100,000 shares of voting stock in COD which were issued 25,000 shares each to 4 other owners (Lowell Burk, Raining Money, LP, which is controlled by Gary Corona, Southbrook Enterprises, Ltd., and Martin Fishman). *See* Exhibit A, Declaration of Gary Corona at ¶ 2.

4. The Voting Stock is subject to that certain Amended and Restated Shareholder Agreement (the "Shareholder Agreement") dated August 9, 2012 which contains, among other things, various restrictions on the transfer of the Voting Stock and option rights of COD to purchase the shares. *See* Exhibit A, Declaration of Gary Corona at ¶ 3; and the Shareholder Agreement is attached as Exhibit A-2. Debtor executed the Shareholder Agreement. *See* Exhibit A-2 at pg. 20 labeled COD 00042. Also, the Voting Stock has on it printed language advising that the shares are subject to a shareholder agreement and restrictions against transfer. *See* Exhibit A-1.

5. Section 7.4 of the Shareholder Agreement provides as follows:

**Bankruptcy.** If a Shareholder or Spouse is the named debtor in bankruptcy or receivership proceedings, then the Company will at all times thereafter have the immediate and continuing option by notice to the bankruptcy or receivership trustee or other applicable party to purchase all or a portion of the Shares that are the subject of such bankruptcy or receivership proceedings for a

purchase price per Share determined pursuant to Section 8.1, which amount shall be payable in accordance with 8.2.

6. Prior to the Shareholder Agreement, the originally issued voting stock to Debtor was certificate number 1. *See* Exhibit A, Declaration of Gary Corona at ¶ 3. With the execution of the Amended and Restated Shareholder Agreement dated August 9, 2012, and an amendment to the corporate charter authorizing the issuance of both voting and non-voting stock, the previously issued voting stock for all shareholders, including Debtor, was cancelled and exchanged for new voting stock certificates. *See* Exhibit A, Declaration of Gary Corona at ¶ 3; and copy of the certificate marked cancelled is attached as Exhibit A-3. As such, on August 9, 2012, COD issued Debtor the Voting Stock evidenced by Certificate No. V-4. *See* Exhibit A, Declaration of Gary Corona at ¶ 3.

**Trustee obtains the Voting Stock despite Debtor's refusal to disclose it on the Schedules:**

7. While Debtor did not list the Voting Stock on Debtor's schedules, the Trustee ultimately determined that the Voting Stock existed. At the November 10, 2014 Meeting of Creditors, Debtor claimed to have previously transferred the shares into a revocable family trust, the Darren Fishman Family Trust, in exchange for a $15,000 promissory note. *See* Exhibit B, Declaration of Robert Milbank at ¶ 2.[1] As such, on or about November 20, 2014, Trustee Milbank sent the trustee of the trust a letter revoking the trust and demanding the shares. *See* Exhibit B, Declaration of Robert Milbank at ¶ 2; and letter attached as Exhibit B-1. On or about December 3, 2014, Trustee Milbank received the previously issued voting stock from trustee of the family trust. *See* Exhibit B, Declaration of Robert Milbank at ¶ 2; and share certificate received from trustee attached as Exhibit B-2.

---

[1] Darren Fishman did not provide COD written notice of this proposed transfer as required by the Shareholder Agreement. *See* Exhibit A, Declaration of Gary Corona at ¶ 4.

**C.O.D. CAPITAL CORP.'S RESPONSE TO MARTIN FISHMAN'S OBJECTION TO TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE - Page 3 of 14**

8. Similarly, on November 20, 2014, following the meeting of creditors held on November 10, 2014, Trustee Milbank also sent counsel for the Debtor a demand for turnover of the Voting Stock. *See* Exhibit B, Declaration of Robert Milbank at ¶ 3; and letter attached as Exhibit B-3. On or about December 11, 2014, Trustee Milbank received the Voting Stock certificate in the mail from Debtor. *See* Exhibit B, Declaration of Robert Milbank at ¶ 3; and Voting Stock certificate attached as Exhibit B-4.

**COD to purchase the Voting Stock:**

9. On December 16, 2014, Trustee Milbank received written notice that COD was exercising its option to purchase all of the Voting Stock. *See* Exhibit B, Declaration of Robert Milbank at ¶ 4; and notice attached as Exhibit B-5.

10. On December 23, 2014, COD held a meeting of the Board of Directors. *See* Exhibit A, Declaration of Gary Corona at ¶ 5. In accordance with Shareholder Agreement, the Board determined that the $15,000 purchase price of the Voting Stock was more than the purchase price under the Shareholder Agreement, but that business reasons exist to purchase the Voting Stock. A copy of the Resolution of the Board of Directors is attached as Exhibit A-4. COD is ready, willing and able to immediately close on the purchase of the Voting Stock. *See* Exhibit A, Declaration of Gary Corona at ¶ 5.

11. Trustee Milbank has reviewed financial information of COD which shows an operating loss in 2013 and for the first 11 months of 2014. *See* Exhibit B, Declaration of Robert Milbank at ¶ 5; *See* Exhibit A, Declaration of Gary Corona at ¶ 6.

12. Trustee Milbank has requested from COD a cash deposit of $15,000 in connection with the Motion to Sell, which COD has paid. *See* Exhibit B, Declaration of Robert Milbank at ¶ 6; *See* Exhibit A, Declaration of Gary Corona at ¶ 7.

13.     COD filed a Proof of Claim showing a secured claim of $5,000 and an unsecured claim of $263,959.80.  *See* <u>Exhibit A</u>, Declaration of Gary Corona at ¶ 8; a copy of the Proof of Claim is attached as Exhibit A-5.   In connection with the Motion to Sell, COD will withdraw its Proof of Claim, which will result in the greatest recovery to the Estate and distribution to creditors.[2]

**<u>Martin Fishman is not a qualified bidder:</u>**

14.     In the event the Motion to Sell is denied and an auction held, Martin Fishman is not a qualified bidder under any reasonable bidding procedures.  Martin Fishman is a judgment debtor having approximately over $700,000 of judgments against him.   Creditor Sao Paulo Sales BV filed a proof of claim No. 2 in this case for a judgment against both Debtor and Martin Fishman of approximately $700,000.   Creditor JP Morgan Chase Bank also has a judgment against Martin Fishman for over $100,000.  *See* <u>Exhibit A</u>, Declaration of Gary Corona at ¶ 9, and copy of each of the judgments and accompanying abstract are attached as Exhibits A-6, A-7, A-8 and A-9. Any readily available funds Martin Fishman can produce are subject to turnover or garnishment by his judgment creditors; or any such funds paid by Martin Fishman could be subject to a claim in any subsequently filed petition for bankruptcy protection filed by Martin Fishman.

15.     In advance of this hearing, Trustee also requested Fishman to make a cash deposit of $15,000 by February 23, 2015.  *See* <u>Exhibit B</u>, Declaration of Robert Milbank at ¶ 6.

---

[2] There are 355,002 shares of non-voting stock which were issued to Lowell Burk (100,000), Gary Corona (100,000), Southbrook Enterprises, Ltd (55,002), Martin Fishman (50,000), and Debtor (50,000).  *See* <u>Exhibit A</u>, Declaration of Gary Corona at ¶ 8. Debtor's non-voting stock is secured by promissory note in favor of COD.  *Id.*  A copy of the Promissory Note from Debtor is attached to the Proof of Claim.  These non-voting shares are not subject to the Motion to Sell. Debtor has stated his intent to surrender these shares to COD [Doc 17].

**C.O.D. CAPITAL CORP.'S RESPONSE TO MARTIN FISHMAN'S OBJECTION
TO TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE - Page 5 of 14**

Fishman did not make such a deposit as of February 25, 2015.  *See* <u>Exhibit B</u>, Declaration of Robert Milbank at ¶ 6.

**II.**

**<u>ARGUMENT AND AUTHORITIES</u>**

16.     Trustee's Motion to Sell Property of the Estate [Doc. 29] to sell the Voting Stock to COD is the only pending motion to sell.  Put simply, the Shareholder Agreement is enforceable.  Further, estoppel prevents a challenge to the enforceability of the Shareholder Agreement.

**A.     The Shareholder Agreement is enforceable and the Voting Stock
        should be sold to COD.**

17.     Section 363 of the Bankruptcy Code authorizes a trustee to sell property of the estate.  11 U.S.C. § 363(b)(1).  Once property becomes part of the estate, "the nature and extent of the Trustee's rights in the property rise no higher than those of the Debtor, unless the restrictions are inconsistent with federal bankruptcy law."  *In re Baquet*, 61 B..R. 495, 499; 1986 Bankr. LEXIS 5980 (Bankr. D. Mont 1986).  In *Baquet* the corporation was closely held, and the stockholder agreement provided for a first option to purchase by the other shareholders at $7.00 per share.  *Id.* at 497.  A creditor argued the stock restrictions were void and that the shares were worth $12.00 per share based upon the company balance sheet.  *Id.* at 497, 498.  The Court ordered the trustee to liquidate the stock in accordance with the shareholders agreement.  *Id.* at 501.

18.     Similarly, in *In re Draughon* a debtor had certain licenses which is sought to transfer.  *In Re Draughon*, 119 B.R. 927, 1990 Bankr. LEXIS 2190 (Bankr. W.D. La. 1990).  Regarding transfers, the Court stated that the "jurisprudence on this issue holds that non-bankruptcy related transfer restrictions burdening property will be given effect when property is

sold out of the estate to a non-debtor third party." *Id.* at 932. The Court also cited *Baquet* regarding its holding that "the trustee will be bound by whatever non-bankruptcy related transfer restrictions to property of the estate had on it prior to the bankruptcy." *Id.*

19. Accordingly, the Shareholder Agreement, including its restrictions on transfer and COD's option to purchase should be enforced.

20. Fishman acknowledges that "courts have taken different views" on whether certain option agreements are executory contracts. *See* Objection [Doc 30] at ¶21. Fishman argues that if the Shareholder Agreement is executory, then it has been rejected. Both of these assertions are incorrect.

21. First, the Shareholder Agreement is not an executory contract. "A contract is not executory if the only performance required by one side is the payment of money." *In re Devries*, 2014 Bankr. LEXIS 3621 at *27 (Bankr. N.D. Tex. 2014) citing to *Ocean Marine Servs. P'ship No. 1 v. Digicon, Inc. (In re Digicon Inc.)*, 71 Fed. App'x. 442 (5th Cir. Tex. 2003) (citing *In re Placid Oil Co.*, 72 B.R. 135, 138 (Bankr. N.D. Tex. 1987)). The only performance, if any, required by COD is the payment of money in the exercise of its option to purchase the Voting Stock.

22. Second, the case relied upon, *In re Roomstore Inc.*, is not applicable or is distinguishable. *In re Roomstore Inc.* involved a Chapter 11 debtor in possession. Debtor was a member of Mattress Discounters Group, LLC ("MDG") which operates retail mattress stores. Debtor performs various "essential support and logistics functions, including accounting, human resources, information technology, and distribution and delivery services." *Id.* at 108-109. Debtor was also party to an operating agreement of MDG and a buy-sell agreement. *Id.* at 109. Debtor had filed a rejection notice of the buy-sell agreement. *Id.* at 109. The court addressed

the issue of whether the buy-sell agreement was an executory contract that could by be rejected by the debtor in possession. *Id.* at 110.

23.     The court stated that it declined to follow certain Ninth Circuit decisions finding the contract to not be executory. The court stated that "One strong factor in my decision is that the MDG Buy-Sell Agreement contains more than a simple purchase option or right of first refusal. Unlike the facts in the majority of cases cited by MDG… the court here is evaluating a complex contract with multiple continuing conditions." *Id.* at 114. The court concluded "in light of the continuing obligations on each side… I find the Buy-Sell Agreement to be an executory contract." *Id.* at 116.

24.     In the case at bar, unlike debtor in *In re Roomstore, Inc.,* the Debtor is not a debtor in possession dependent upon being a member in a limited liability company to operate its business. Indeed, on or about January 18, 2014 (about 7 months before filing for bankruptcy), Debtor voluntarily resigned from COD and has not worked for COD since. *See* Exhibit A, Declaration of Gary Corona at ¶ 10. Further, Debtor has surrendered the Voting Stock to the trustee, and the sale to COD operates to preserve and protect COD's closely held status—factors not present in *In re Roomstore, Inc.*

25.     Third, Section 365 does provide that if the Chapter 7 trustee fails to assume or reject an executory contract, it is deemed rejected. 11 U.S.C. § 365(d)(1). However, an executory contract is not subject to § 365 when the debtor fails to disclose the existence of the contract on his bankruptcy schedules. *See Financial Corp. v. McCraw Candies, Inc.*, 347 F.Supp. 445 (N.D.Tex.1972). In the case at bar, on July 29, 2014, the Debtor, after requesting and receiving an extension of time to file schedules, filed his schedules and statements of financial affairs. On Schedule G – Executory Contracts and Unexpired Leases, the Debtor

checked the box indicating that the debtor "has no executory contracts or unexpired leases." [Doc. 15]. The Debtor signed the schedules under penalty of perjury. *See* Declaration Concerning Debtor's Schedules [Doc 15]. The Debtor did not list the Shareholder Agreement as an executory contract on his Schedule G. On Schedule B, the Debtor did not list the Voting Stock (the subject of the Motion to Sell) under item 13, which asks for "Stocks and interests in incorporated and unincorporated businesses." As of the date of the filing of this reply, the Debtor had not amended his schedules to disclose either the Voting Stock on his Schedule B or the Shareholder Agreement as an executory contract on his Schedule G.

B. **Estoppel precludes a challenge to the enforceability of the Shareholder Agreement.**

26. Debtor does not challenge or object to the Motion to Sell nor contend that the Shareholder Agreement is a rejected executory contract. Indeed, Debtor cannot do so under principles of quasi-estoppel and/or judicial estoppel. *See e.g. Andrews v. Diamond, Rash, Leslie & Smith*, 959 S.W.2d 646, 649-50 (Tex. App—El Paso 1997) (citing *Brandon v. Interfirst Corp.,* 858 F.2d 266, 268 (5th Cir.1988); *In re Phillips,* 124 B.R. 712, 720 (Bkrtcy.W.D.Tex.1991)); and *In re Endeavour Highrise, L.P.*, 432 B.R. 583, 656 (Bankr. S.D. Tex. 2010) (citing *Lopez v. Munoz, Hockema & Reed, LLP,* 22 S.W.3d 857, 864 (Tex.2000)).

27. Further, Fishman has been a Director of COD since at least the date of the Shareholder Agreement to present. *See* <u>Exhibit A</u>, Declaration of Gary Corona at ¶ 11. Fishman also signed the Shareholder Agreement as a shareholder. Fishman is estopped from objecting to the Motion to Sell and from seeking to deny the enforceability of the Shareholder Agreement. Quasi estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken. *In re Endeavour Highrise, L.P.*, 432 B.R. at 656 (citing *Lopez v. Munoz, Hockema & Reed, LLP,* 22 S.W.3d 857, 864 (Tex.2000)). This form of

estoppel applies when it would be unconscionable to allow a person to maintain a position inconsistent with the one in which he acquiesced or accepted a benefit. *Id.* Misrepresentation by one party, and reliance by the other, are not necessary elements of quasi-estoppel. *Id.* (citing *In re A.L.G.,* 229 S.W.3d 783 (Tex.App.-San Antonio 2007, no pet.)). Similarly, Fishman is in breach of his fiduciary duties to COD in seeking to prevent COD from enforcing the Shareholder Agreement, and in seeking to acquire the Voting Stock to the detriment of COD. Such conduct should not be permitted.

**C.     Alternatively, Martin Fishman's assertion that the Voting Stock be sold to him is without merit.**

28.     The Trustee's Motion to Sell is the only pending motion to sell. Fishman has filed no such motion. Fishman's assertion that the Court approve a sale to him is without legal or factual support. As stated above, Fishman is not a qualified bidder and did not timely tender the deposit requested by the Trustee. Fishman's conduct demonstrates that he is merely trying to artificially drive up the price of the Voting Stock, or take some personal revenge because he was previously terminated from employment with COD, and is being sued by COD in a pending state court action. *See* <u>Exhibit A</u>, Declaration of Gary Corona at ¶ 11 and 12.

**RELIEF REQUESTED**

WHEREFORE, COD respectfully request that this Court grant the Trustee's Motion to Sell [Doc 29], and overrule the objection filed by Martin Fishman [Doc 30] and for such other and further relief, legal or equitable, special or general to which Trustee and/or COD may show itself justly entitled.

Respectfully submitted,

Shackelford, Melton, McKinley & Norton, L.L.P.

By: */s/ Steven J. Pawlowski*
    Steven J. Pawlowski
    State Bar No. 00797226
    Frances A. Smith
    State Bar No. 24033084
    3333 Lee Parkway, Tenth Floor
    Dallas, Texas 75219
    Telephone: 214-780-1400
    Facsimile: 214-780-1401
    E-mail: spawlowski@shackelfordlaw.net
    E-mail: fsmith@shackelfordlaw.net

COUNSEL FOR COD CAPTIAL CORP.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon the following by email (where indicated) and by the Court's ECF noticing system upon those parties who have requested and agreed to electronic notification and by first-class United States mail on February 26, 2015.

*/s/ Frances A. Smith*

***Debtor*:**
Darren S. Fishman
5807 Still Forest Drive
Dallas, TX 75252

***Debtor's Attorney*:**
Susan B. Hersh
SUSAN B. HERSH, P.C.
12770 Coit Road, Suite 1100
Dallas, TX 75251
**Served Via ECF:**
susan@susanbhershpc.com

***Trustee:***
Robert Milbank, Jr.
LAW OFFICE OF ROBERT MILBANK, JR.
900 Jackson Street, Suite 560
Dallas, TX 75202
**Served Via ECF:**
rob@milbanklaw.com

***U.S. Trustee*:**
United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242

**Noticed Parties:**
Patrick J. Schurr
SCHEEF & STONE, L.L.P.
2601 Network Boulevard, Suite 102
Frisco, TX 75034

Richard G. Dafoe
VINCENT LOPEZ SERAFINO JENEVEIN, P.C.
1601 Elm Street, Suite 100
Dallas, TX 75201
**Served Via ECF:**
rdafoe@vilolaw.com

Jason M. Rudd
DIAMOND MCCARTHY, LLP
909 Fannin Street, 15th Floor
Two Houston Center
Houston, TX 77010
**Served Via ECF:**
jrudd@diamondmccarthy.com

***Secured Creditors:***
COD Friendly
2050 Stemmons, Suite 133
Mail Unit 216
Dallas, TX 75207

Green Tree Servicing L
332 Minnesota Street, Suite 610
Saint Paul, MN 55101

Greentree Mortgage
P.O. Box 6172
Rapid City, SD 57709-6172

***Unsecured Creditors:***
Bank America
P.O. Box 851001
Dallas, TX 75285-1001

Bank of America
PO Box 982235
El Paso, TX 79998

**C.O.D. CAPITAL CORP.'S RESPONSE TO MARTIN FISHMAN'S OBJECTION
TO TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE - Page 12 of 14**

| | |
|---|---|
| BMO Harris Bank<br>111 W. Monroe St.<br>Chicago, IL 60603 | Compass Bank<br>15 20th St S Floor 9<br>Birmingham, AL 35233 |
| Cach LLC/Square Two Financial<br>Attention: Bankruptcy<br>4340 South Monaco St. 2nd Floor<br>Denver, CO 80237 | Diamond McCarthy, LLP<br>1201 Elm Street, 34th Floor<br>Attn: Ladd Hirsch<br>Dallas, TX 75270<br>Email: lhirsch@diamondmccarthy.com |
| Capital 1 Bank<br>Attn: Bankruptcy Dept.<br>Po Box 30285<br>Salt Lake City, UT 84130 | Discover Card<br>P.O. Box 6103<br>Carol Stream, IL 60197-6103 |
| Capital One<br>P.O. Box 60599<br>City of Industry, CA 91716-05 | Discover Fin Svcs LLC<br>PO Box 15316<br>Wilmington, DE 19850 |
| Capital One Bank<br>Special Assets; Attn: Mark Dubos<br>201 St. Charles Ave.<br>New Orleans, LA 70170 | DRS/Childrens Care<br>P.O. Box 841233<br>Dallas, TX 75284 |
| | Gfgs Ii LLC - Genesis Financial<br>4340 South Monaco St. 2nd Floor<br>Denver, CO 80237 |
| Chase<br>PO Box 15298<br>Wilmington, DE 19850 | JP Morgan Chase<br>c/o Kevin Mark Vincent<br>VINCENT LOPEZ SERAFINO JENEVEIN PC<br>1601 Elm Street, Suite 4100<br>Dallas, TX 75201<br>Email: mvincent@vilolaw.com |
| Chase Slate Visa<br>P.O. Box 94014<br>Palatine, IL 60094-4014 | |
| Citibank<br>Citi Processing<br>Des Moines, IA 50363-0005 | M& I Bank-Genesis Fin.<br>320 Lake Street East<br>Minneapolis, MN 55408 |
| Citibank<br>Citicorp Credit Services/Attn: Centraliz<br>Po Box 20507<br>Kansas City, MO 64195 | Marty Fishman<br>4843 Stony Ford Dr.<br>Dallas, TX 75287 |
| Comenitycapital/petlnd<br>4590 E Broad St<br>Columbus, OH 43213 | Medical City of Dallas<br>P.O. Box 7407782<br>Cincinnati, OH 45274-0782 |

**C.O.D. CAPITAL CORP.'S RESPONSE TO MARTIN FISHMAN'S OBJECTION
TO TRUSTEE'S MOTION TO SELL PROPERTY OF THE ESTATE - Page 13 of 14**

Petland-Commenity Bank
P.O. Box 659622
San Antonio, TX  78265-9622

Sao Paulo Sales BV
c/o Patrick Schurr
SCHEEF & STONE
500 N Akard St #2700,
Dallas, TX  75201
Email: patrick.schurr@solidcounsel.com

Sao Paulo Sales, B.V.
c/o James Leader, Jr.
Vinson Elkins, LLP
1001 Fannin Street, Suite 2500
Houston, TX  77002-6760
Email: jleader@velaw.com

T-Bank
Attn: Steve Jones
16000 Dallas Parkway #125
Dallas, TX  75248

Xerox Soluti
P.O. Box 650302
Dallas, TX  75265